UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JTTONALI EL BEY,　　　　　　　　　　　　Case No. 1:21-cv-678
　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　Barrett, J.
vs.　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

HOMER WISECUP, et al.,　　　　　　　　　**ORDER AND REPORT**
　　　　Defendants.　　　　　　　　　　　**AND RECOMMENDATION**

Plaintiff, an inmate previously at the Butler County Jail,[1] has filed the instant pro se action. The Court notes that the instant case is one of several cases that plaintiff has filed in this Court. *See, e.g.*, *El-Bey v. The United States of America, et al.*, No. 1:21-cv-574-MRB-SKB (S.D. Ohio), *El-Bey v. United States Postal Service*, No. 1:21-cv-590-MRB-SKB (S.D. Ohio), *El-Bey v. Walker, et al.*, No. 1:21-cv-679-MRB-SKB (S.D. Ohio), and *El-Bey v, Sylvester, et al.,* No. 1:21-cv-680-MRB-SKB (S.D. Ohio).

Plaintiff has also filed in this action a "Motion to Correct/Update the Name of: Foster to: Foster, William" (Doc. 5), "Motion to Correct/Update the Name of: Jordan to: Ianson, Jordan R." (Doc. 6), and "Motion to Add or Correct Defendant(s): Name, Title or Rank" (Doc. 9). The Court hereby **GRANTS** plaintiff's "Motion to Correct/Update the Name of: Foster to: Foster, William" (Doc. 5) and "Motion to Correct/Update the Name of: Jordan to: Ianson, Jordan R." (Doc. 6) to the extent that the **Clerk of Court** is **DIRECTED** to update the names of defendants Foster and Jordan in the Court's docket record. These motions (Docs. 5; 6) are **DENIED** in all

---

[1]The last known address for plaintiff was the Butler County Jail. (*See* Doc. 5 (attached envelope)). However, as of this date, plaintiff's name does not appear on the Butler County Jail website's inmate roster. It does appear that he was ordered to undergo a psychiatric and/ or psychological evaluation pursuant to 18 U.S.C. § 4241 in a pending criminal matter in this Court. *United States v. Watson*, No. 1:21-cr-110 (S.D. Ohio). However, plaintiff has not provided an updated address in the instant matter. Accordingly, the **Clerk of Court** is **DIRECTED** to mail this Report and Recommendation to plaintiff at the Butler County Jail—his last known address—and to update the docket record in this Court to reflect that address.

other respects. The Court **DENIES** plaintiff's "Motion to Add or Correct Defendant(s): Name, Title or Rank" (Doc. 9), as it is not clear what relief plaintiff seeks through this motion.

By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 1-1) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

However, before turning to the complaint, the Court notes that this case and Case No. 1:21-cv-574 both arise out of plaintiff's arrest on December 5, 2020, and involve common questions of law and fact. (*See* Case No. 21-cv-574 (Doc. 4-1, at PageID 120); Case No. 21-cv-678 (Doc. 1-1, at PageID 8)). The instant case (No. 21-cv-678) also makes multiple references to Case No. 21-cv-574. (*See* Case No. 21-cv-678 (Doc. 1-1, at PageID 8, 12, 14)). Because case numbers 21-cv-574 and 21-cv-678 involve common questions of law and fact, the undersigned **RECOMMENDS** that the two cases be consolidated. Fed. R. Civ. P. 42(a).

## Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**Complaint**

Plaintiff, who claims to be a "Moorish American National," brings claims against the defendants,[2] arising out of his arrest on December 5, 2020. (Doc. 1-1, at PageID 8-12). Plaintiff generally alleges that defendants Wisecup, Gibson, Jordan, and Foster subjected him to an "unlawful stop, detention, search, seizure[.]" (Doc. 1-1, at PageID 12). Plaintiff further alleges that he suspected that the arrest arose "from an incident that occurred early that day," when defendant Meheem and another officer, Bennett, who is not named as a defendant, "had been called." (Doc. 1-1, at PageID 12).

Plaintiff alleges that he posted bond following his arrest and transport to the Clinton County Jail. It appears from the allegations in the complaint that plaintiff claims to have made a special appearance in the Clinton County Municipal Court on December 9, 2020, and to have filed "(8) eight hand written affidavits" with defendant Sarah J. Avey, Clerk. (Doc. 1-1, at PageID 11). Plaintiff alleges that defendant Judge Daugherty "ordered all fines, fees, forfeitures be paid[.]" (Doc. 1-1, at PageID 11).[3]

---

[2]Plaintiff names the following nine defendants in this action: Homer Wisecup; Joshua A. Gibson; Sarah J. Avey; Foster # 23 (corrected to Foster, William); Jordan (corrected to Ianson, Jordan R.); Carole R. Grass; Terry Meheem; Michael Daugherty, Sr. (also spelled "Daughtery" by plaintiff (*see* Doc. 1-1, at PageID 11)); and David Henry. (Doc. 1-1, at PageID 5).
[3]The Clinton County Municipal Court website, viewed at http://www.clintonmunicourt.org/, indicates that defendant Daugherty is a judge on the Clinton County Municipal Court.

4

For relief, plaintiff seeks, among other things, "$500,000.00 per occurrence" and a lifetime restraining order against all defendants. (Doc. 1-1, at PageID 14).

**Analysis**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's unlawful arrest and detention claims against defendants Wisecup, Gibson, Foster, Jordan and, in an abundance of caution, against defendant Meheem, should be stayed pending completion of the criminal case (No. 1:21-cr-110) (*see* note 1, above) currently pending against plaintiff in this Court. The charges in Case No. 1:21-cr-110 stem from plaintiff's arrest on December 5, 2020, the same arrest that is at issue here. (*See* Case No. 1:21-cr-110, Doc. 1, at PageID 4-6).[4] In *Wallace v. Kato*, the United States Supreme Court stated:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. 384, 393–94 (2007).

A stay is appropriate here because challenges to plaintiff's arrest on December 5, 2020, are "related to rulings that will likely be made in" the pending federal criminal matter. *Id.* at 393. *See also Ray v. Moon*, 635 F. App'x 502, 504 (10th Cir. 2015) ("A stay of the civil-rights case, pending disposition of the criminal prosecution, may be appropriate."); *Lewis v. McCay*,

---

[4] The Court may take judicial notice of proceedings in its own and other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969)). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

No. 1:13-cv-10384, 2013 WL 2424933, at *3 (E.D. Mich. June 4, 2013) (staying claims challenging a search and seizure that lead to the plaintiff's federal firearm charges).[5]

However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, plaintiff's claims against defendant Daugherty are barred by judicial immunity. Plaintiff brings claims against Judge Daugherty for ordering that all fines, fees, and forfeitures be paid. (Doc. 1-1, at PageID 11). Judges are afforded absolute immunity from 42 U.S.C. § 1983 liability[6] for acts they commit while functioning within their judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Barrett v. Harrington,* 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978). *See also Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio,* 262 F.3d 600, 607 (6th Cir. 2001). Plaintiff seeks to hold Judge Daugherty liable for an order that he entered, a function normally performed by a judge. *Stump,* 435 U.S. at 362. Plaintiff has alleged no facts indicating that Judge Daugherty acted "in the complete absence of all jurisdiction." *Stern,* 262 F.3d at 607. Therefore, defendant Daugherty is absolutely immune from civil liability in this matter and should be dismissed.

---

[5] The Court notes that plaintiff is also facing state-court charges, which may be related to the arrest at issue in this action. *See* the Clinton County Court of Common Pleas website, viewed at https://www.clintoncountycourts.org/recordSearch.php?k=acceptAgreementsearchForm1404 under Watson, Jtton; Case No. CRI21500197. Plaintiff's pending state-court charges would be an additional basis to stay this action. *See Younger v. Harris*, 401 U.S. 37 (1971).

[6] This Court understands the complaint (Doc. 1-1) to be filed under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.'") (footnote omitted).

Next, plaintiff's claims against Carole R. Grass and David Henry should be dismissed. Plaintiff does not allege that these defendants had any involvement in the facts giving rise to the complaint. Indeed, aside from naming them as defendants, plaintiff does not mention them in the complaint. Personal involvement in unconstitutional activity is required to allege liability under 42 U.S.C. § 1983. *See, e.g., Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir.2008).[7] Accordingly, plaintiff's claim against defendants Grass and Henry should be dismissed for failure to state a claim upon which relief can be granted.

Similarly, plaintiff's claims against defendant Avey should be dismissed. Plaintiff's vague and conclusory allegations that he "fil[ed] (8) eight hand written affidavits" with Avey are insufficient to raise a right to relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565-66. Plaintiff's complaint does not contain any allegations that plausibly suggest that defendant Avey violated plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678.

Likewise, to the extent that the complaint contains allegations against Bennett, such allegations are against a non-defendant and are subject to dismissal.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's "Motion to Correct/Update the Name of: Foster to: Foster, William" (Doc. 5) and "Motion to Correct/Update the Name of: Jordan to: Ianson, Jordan R." (Doc. 6) are **GRANTED** to the extent that the **Clerk of Court** is **DIRECTED** to update the names of defendants Foster and Jordan in the Court's docket record. These motions (Docs. 5; 6) are **DENIED** in all other respects.

---

[7]This Court understands the amended complaint (Doc. 4-1) to be filed under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights ... secured by the Constitution and laws.'") (footnote omitted).

2. Plaintiff's "Motion to Add or Correct Defendant(s): Name, Title or Rank" (Doc. 9) is **DENIED.**

### IT IS THEREFORE RECOMMENDED THAT:

1. The complaint in the instant action (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claims against defendants Wisecup, Gibson, Foster, Jordan, and Meheem.

2. Because this case and No. 1:21-cv-574 involve common questions of law and fact, the cases be consolidated.  See Fed. R. Civ. P. 42(a).  The Clerk of Court should be **DIRECTED** to file a copy of the complaint in this action as a supplemental complaint in Case No. 1:21- cv-574, file a copy of this Order and Report and Recommendation in Case No. 1:21-cv-574, and add Wisecup, Gibson, Foster, Jordan, and Meheem as defendants in Case No. 1:21-cv-574.

3. Following consolidation, plaintiff's claims against defendants Wisecup, Gibson, Foster, Jordan, and Meheem should be **STAYED** in accordance with *Wallace v. Kato*, 549 U.S. 384 (2007).

4. The stay should remain in effect until the criminal proceeding in Case No. 1:21-cr-110 is resolved, including expiration of the time to file any appeal.  If an appeal is filed, the stay should remain in effect until the appeal process is resolved, including expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court.  If plaintiff wishes to proceed in this action following completion of the criminal proceedings against him, he must file a motion to reopen at that time.  For administrative purposes only, the case should be closed during the pendency of the stay.

*s/Stephanie K. Bowman*  
Stephanie K. Bowman  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JTTONALI EL BEY,   Case No. 1:21-cv-678
    Plaintiff,

                          Barrett, J.
vs.   Bowman, M.J.

HOMER WISECUP, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).