UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jttonali El Bey,

    Plaintiff,

        v.                                Case No. 1:21-cv-00678

Homer Wisecup, et al.,              Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's February 9, 2022 Report and Recommendation ("R&R"). (Doc. 13).

The Court gave Plaintiff proper notice under Federal Rule of Civil Procedure 72(b), including notice that he would waive further appeal if he failed to file objections to the R&R within a 14-day period from the date of the issuance of the R&R. (*Id.* PageID 82); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Within the 14-day period, the two copies of the R&R mailed to Plaintiff were both returned to the Clerk's Office as undeliverable. (Docs. 14, 16). It appears that the Clerk's office sent one copy to Plaintiff's mailing address of record and that was returned as not deliverable (Doc. 14), and sent a second copy to Plaintiff's mailing address of record in a related-case and that was returned as undeliverable and indicated that Plaintiff was "released" from the institution (Doc. 16).

To the extent that Plaintiff argues that he has not received a copy of the R&R (Doc. 15 PageID 84), Plaintiff demonstrated a lack of prosecution of his action by failing to keep the Court informed of his current address. *See Jourdan v. Jabe*, 951 F.2d 108,

1

110 (6th Cir. 1991) (holding that a pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action); *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (holding that a pro se litigant has a duty to supply the court with notice of any and all changes in his address); *see also Theede v. U.S. Dep't. of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (holding that failure to object to a magistrate judge's R&R because of party's failure to bring to the court's attention a change in address constitutes failure to object in a timely manner, and holding that because the R&R was mailed to the last known address, it was properly served and party waived right to appellate review).

Soon after objections were due, the Court received a document from Plaintiff titled "Memorandum at Law." (Doc. 15). Out of an abundance of caution, the Court has reviewed this filing for any objections to the February 9, 2022 R&R, and it does not include objections to the R&R.

In light of the foregoing, it is hereby **ORDERED** that the R&R (Doc. 13) is **ADOPTED in full**. Consistent with the recommendations therein, it is **ORDERED** that

- The Complaint in the instant action (Doc. 1-1) is **DISMISSED** with prejudice with the exception of Plaintiff's claims against Defendants Wisecup, Gibson, Foster, Jordan, and Meheem;

- Because this case and Case No. 1:21-cv-574 involve common questions of law and fact, the cases be consolidated. The Clerk is **DIRECTED** to file a copy of the Complaint in this action as a Supplemental Complaint in Case No. 1:21- cv-574, file a copy of this Order and Report and Recommendation in Case No. 1:21-cv-574, and add Wisecup, Gibson, Foster, Jordan, and

2

- Meheem as Defendants in Case No. 1:21-cv-574;

- Following consolidation, Plaintiff's claims against Defendants Wisecup, Gibson, Foster, Jordan, and Meheem are **STAYED**; and

- The stay **SHALL** remain in effect until the criminal proceeding in Case No. 1:21-cr-110 is resolved, including expiration of the time to file any appeal. If an appeal is filed, the stay should remain in effect until the appeal process is resolved, including expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court. If Plaintiff wishes to proceed in this action following completion of the criminal proceedings against him, he must file a Motion to Reopen at that time. For administrative purposes only, the case should be closed during the pendency of the stay.

**IT IS SO ORDERED.**

                                                                _/s Michael R. Barrett_____
                                                                Michael R. Barrett, Judge
                                                                United States District Court